UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CLINT PHILLIPS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1275-MTS |
| | ) | |
| ST. LOUIS COMMUNITY CREDIT UNION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Clint Phillips, III, to proceed in the district court without payment of fees and costs. The motion will be granted. Additionally, for the reasons discussed below, the Court will order plaintiff to file an amended complaint within twenty-one (21) days of the date of this Order.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this 42 U.S.C. § 1983 complaint against defendants St. Louis Community Credit Union ("Credit Union") and Officer Derrick Greene, presumably of the St. Louis City Police Department, for violations of his constitutional rights arising out of plaintiff's arrest at the Credit Union in 2015.

Plaintiff alleges that in 2015 the manager of the Credit Union gave false and misleading information to Officer Greene, stating that plaintiff was disturbing the peace and trespassing. Plaintiff states he was a member of the Credit Union and was not disturbing the peace. Officer Greene arrested plaintiff. Charges were brought against plaintiff in the Circuit Court of the City of St. Louis, but were eventually dismissed as frivolous.

Plaintiff is suing defendants under § 1983 for false arrest and false imprisonment arising out of this arrest. For relief, he seeks $11 million in damages.

## Discussion

As an initial matter, plaintiff has not alleged the date on which the incident alleged in the complaint occurred. The Court does not know the date on which plaintiff was arrested, nor the date on which he appeared before a judge. Plaintiff has only alleged that these incidents occurred in 2015. Plaintiff's claims, as alleged, are insufficient for review under 28 U.S.C. § 1915(e).

Although there is no statute of limitations contained within 42 U.S.C. § 1983, the United States Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011). For cases arising in Missouri, the five-year statute

of limitations for personal injury actions found in Mo. Rev. Stat. § 516.120(4) applies to § 1983 actions. *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005).

Plaintiff filed suit on September 16, 2020. The five-year statute of limitations on plaintiff's § 1983 claim for false arrest began to run on the date of his arrest; the five-year statute of limitations on plaintiff's § 1983 claim for false imprisonment began to run when he appeared before the examining judge and was bound over for trial. *See Wallace v. Kato*, 54 U.S. 384, 391 (2007) ("We conclude that the statute of limitations on petitioner's § 1983 claim commenced to run when he appeared before the examining magistrate and was bound over for trial."). Plaintiff has only alleged that this occurred sometime in 2015. He filed suit on September 16, 2020. If plaintiff was arrested and appeared before an examining judge before September 16, 2015, this § 1983 action would be barred by the statute of limitations. Based on plaintiff's complaint, however, the Court cannot determine on initial review whether plaintiff's claims are barred by the statute of limitations. For this reason, the Court will order plaintiff to file an amended complaint, specifically stating the date of his arrest and the date of any initial appearance before a judge.

In addition, as for the Credit Union, plaintiff alleges in conclusory fashion that it was "a participating state actor under 42 U.S.C. § 1983." Plaintiff has alleged no facts to support this assertion. A private party may only be held liable under § 1983 "if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). In order to state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). Plaintiff does not allege any mutual understanding or meeting of the minds occurred between the Credit Union and Officer Greene. If plaintiff seeks to bring § 1983 claims against the Credit Union, he

must state facts in his amended complaint from which the Court could find that the Credit Union and Officer Greene had a mutual understanding or a meeting of the minds.

The Court will order the Clerk of Court to provide plaintiff with a copy of the Court's form complaint for a civil case. Plaintiff shall file an amended complaint on the Court-provided form within twenty-one (21) days in accordance with the instructions set forth above. If plaintiff fails to file an amended complaint on a Court-provided form within twenty-one (21) days, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's form complaint for a civil case.

**IT IS FURTHER ORDERED** that within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions set out above.

**IT IS FURTHER ORDERED** that after receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on a Court-provided form within twenty-one (21) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Dated this 1st day of October, 2020.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE