## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CLINT PHILLIPS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20 CV 1275 MTS |
| | ) | |
| ST. LOUIS COMMUNITY CREDIT UNION | ) | |
| and DERECK P. GREEN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon initial review of self-represented Plaintiff Clint Phillips, III's amended complaint pursuant to 28 U.S.C. § 1915(e).  For the reasons discussed below, the Court will dismiss Plaintiff's amended complaint against defendant Dereck P. Green without prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B).

### Background

Originally, Plaintiff brought this 42 U.S.C. § 1983 complaint against defendants St. Louis Community Credit Union ("Credit Union") and Officer Dereck P. Green, of the St. Louis City Police Department, for violations of Plaintiff's constitutional rights arising out of his arrest at the Credit Union.[1]  Plaintiff's complaint sought $11 million in damages from defendants for false arrest and false imprisonment.

On October 1, 2020, the Court conducted an initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).  The Court found Plaintiff's complaint deficient in that it did not state the date of the arrest, and thus the Court could not determine if Plaintiff's case was barred by the five-

---

[1] Plaintiff misspelled defendant Green's name in his original complaint.  According to the police report attached to Plaintiff's amended complaint, the proper spelling of defendant Green's name is Dereck P. Green.  The Court will order the Clerk of Court to correct the spelling of defendant Green's name on the docket sheet.

year statute of limitations.  In addition, the Court found that Plaintiff had not stated sufficient facts against the Credit Union to show that it could be held liable under § 1983 as a private party.  The Court ordered Plaintiff to file an amended complaint to correct these deficiencies.  Plaintiff filed his amended complaint on October 6, 2020.

According to the Credit Union, Plaintiff and the Credit Union negotiated a resolution of Plaintiff's claims on December 17, 2020.  *See* Doc. [20].  One of the terms of the parties' settlement was that Plaintiff would file a Notice of Voluntary Dismissal with Prejudice as to defendant Credit Union.  On January 14, 2021, Plaintiff filed his motion to voluntarily dismiss his amended complaint against the Credit Union, which the Court granted on February 1, 2021.  *See* Doc. [21] and Doc. [22].

Because Plaintiff has voluntarily dismissed defendant Credit Union, his only pending claims are those asserted against defendant Officer Green in the amended complaint.  The Court will conduct its initial review of these claims pursuant to 28 U.S.C. § 1915(e)(2).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

-2-

experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Amended Complaint

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 against defendant Officer Dereck P. Green of the St. Louis City Police Department for false arrest and false imprisonment.[2] Plaintiff does not state whether he is suing defendant Green in his official or individual capacity.

Plaintiff states that on June 8, 2016, he entered the Credit Union to withdraw money. According to Plaintiff, the bank teller did not give him the correct amount of money, so Plaintiff asked to speak to the teller's manager. Employees at the Credit Union told Plaintiff that the manager would not be available for at least an hour. Plaintiff states he left the Credit Union.

When Plaintiff returned to the Credit Union later, he states he was "intercepted, stopped, and frisked by Officer Green" who told Plaintiff that the manager of the Credit Union had asked

---

[2] As previously stated, Plaintiff has already dismissed his claims against defendant Credit Union with prejudice.

for police assistance to prevent Plaintiff from re-entering the Credit Union.  The manager of the Credit Union had called 911 and Officer Green responded to the dispatch.  Plaintiff states that he disagreed with Officer Green, and Officer Green responded, "You are not being reasonable, I am going to arrest you for disturbing the peace and trespassing."   Officer Green then transported Plaintiff to a holding facility.  Plaintiff states that the underlying peace disturbance case was "disposed of on October 14, 2019."

For relief, Plaintiff seeks $11 million in punitive damages "to prevent this type of misconduct by individuals that call and are associated with police in an attempt to undermine my constitutional rights."

## Discussion

A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both.  *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).  However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims.  *Id.*; *see also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims").

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself."  *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017).  Thus, a

"suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

As instructed by the Court in its Memorandum and Order dated October 1, 2020, Plaintiff filed his amended complaint on the Court-provided Civil Complaint form. Although Plaintiff lists defendant Green in his caption and in his "Statement of Claim," he has not separately set out defendant Green in Part I.B. of the Civil Complaint form. Part I.B. specifically states, "If you are suing for violation of your civil rights, you must state whether you are suing each defendant in an official capacity, individual capacity, or both." Despite this instruction, Plaintiff does not identify defendant Green as a separate defendant and does not state in which capacity he is being sued.

Here, because Plaintiff is silent as to the capacity in which he is suing defendant Green, the Court must interpret the amended complaint as including only official capacity claims. *Baker*, 501 F.3d at 923. To prevail on these official capacity claims, Plaintiff must establish the City of St. Louis's liability for the alleged conduct of defendant Green. There are three ways in which a Plaintiff can prove municipal liability. Municipal liability under § 1983 may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Plaintiff has not alleged that his false arrest or false imprisonment resulted from any official

-5-

policy or custom of the City of St. Louis.  Additionally, he does not allege any deliberate indifference on the City of St. Louis for failure to train and supervise its officers.  Plaintiff's facts do not establish culpability sufficient to state a claim for false arrest or false imprisonment against defendant Green in his official capacity.  For this reason, Plaintiff's claims against defendant Green will be dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall substitute defendant "Dereck P. Green" for defendant "Derrick Greene" on the docket sheet.

**IT IS FURTHER ORDERED** that on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's amended complaint brought against defendant Dereck P. Green is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED as moot**.  [ECF No. 2]

A separate Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 4th day of February, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

-6-